```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/2024
```

June 21, 2024

Via ECF

The Honorable Margaret M. Garnett
United Stated District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *World Association of Icehockey Players Unions North America Division, et al.* v. *National Hockey League, et al.*, No. 24-cv-01066 (MMG)

Dear Judge Garnett:

    Pursuant to Rule I(D)(3)(i)-(ii) of Your Honor's Individual Rules and Practices, the National Hockey League ("NHL") and Canadian Hockey League ("CHL") Defendants[1] submit this joint letter requesting that the Court permit the NHL to file under seal and in redacted form on the public docket the 2022 NHL-CHL Agreement, which is appended to the Declaration of Martha L. Goodman ("Goodman Declaration") as Exhibit 1, and the 2021 Letter regarding the extension of the previous 2013 NHL-CHL Agreement, which is appended to the Goodman Declaration as Exhibit 3. Exhibits 1 and 3 have been contemporaneously filed on ECF under seal as "Attorneys' Eyes Only" and electronically related to this letter motion.

    The CHL Defendants contend that good cause exists to redact limited portions of Exhibits 1 and 3 as containing proprietary and commercially sensitive and confidential business information. On June 18, 2024, counsel for the CHL Defendants and Plaintiffs conferred, and Plaintiffs' counsel consented to the filing of Exhibits 1 and 3 with redactions.

    The CHL Defendants believe that disclosure of the confidential financial terms and the expiration date of the current agreement redacted from Exhibits 1 and 3 would harm the CHL's business interests, impede its ability to negotiate with third parties, and put the CHL at a competitive disadvantage. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing . . . pricing information."). The CHL believes that its proposed redactions are narrowly tailored to preserve only the proprietary and commercially sensitive information that would most harm the CHL if made public. *See, e.g.*, *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 1:22-CV-377-VSB, 2022 WL 443644, at *2 (S.D.N.Y. Feb. 14, 2022) ("Specific, narrowly tailored portions of contracts regarding proprietary commercial information may qualify for sealing under the case law if disclosure would harm a litigant's ability to negotiate

---

[1] The "CHL Defendants" are the CHL, the Western Hockey League ("WHL"), and all of the clubs that play in the WHL, the Ontario Hockey League ("OHL"), and all of the clubs that play in the OHL, and the Quebec Major Junior Hockey League ("QMJHL"), and all of the clubs that play in the QMJHL.

with third parties, subject a party to financial harm, or harm a litigant's competitive standing.") (cleaned up). To the extent the Court has any questions or concerns about the proposed redactions, the CHL respectfully requests an opportunity to provide additional information if needed.

Accordingly, the NHL and CHL Defendants respectfully request that the Court grant this letter motion to file Exhibits 1 and 3 under seal and in redacted form on the public docket.

Respectfully submitted,

| | |
|---|---|
| */s/ Martha L. Goodman* | */s/ Derek Ludwin* |
| Martha L. Goodman | Derek Ludwin |
| *Counsel for the NHL* | *Counsel for the CHL Defendants* |

cc:   All counsel of record (via ECF)

---

The request to redact Exhibits 1 and 3 to the Declaration of Martha L. Goodman is GRANTED. The exhibits contain confidential business information; in particular, they contain sensitive financial terms and agreement expiration dates. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted). After examining the exhibits, considering the parties' representations, and considering the modest redactions requested, the Court finds that the redactions are necessary to protect confidential business information and that necessity over-rides the presumption in favor of public access.

The Clerk of Court is directed to terminate Dkt. No. 137.

SO ORDERED. Date 6/26/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE