Case 1:24-cv-01066-MMG   Document 204   Filed 09/25/24   Page 1 of 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2024

**ZELLE LLP**

555 12TH STREET SUITE 1230
OAKLAND, CALIFORNIA 94607
(415) 693-0700 MAIN    (415) 693-0770 FAX

(415) 633-1916

September 20, 2024

**Via ECF**

The Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, NY  10007

   Re: *World Association of Icehockey Players Unions North America Division, et al. v. National Hockey League, et al.*,
     No. 24-cv-01066 (MMG)

Dear Judge Garnett:

  Pursuant to Rule I(D)(3)(ii)-(iii) of Your Honor's Individual Rules and Practices, Plaintiffs submit this letter motion requesting that the Court permit Plaintiffs to provisionally file under seal and redacted on the public docket: (1) portions of their memorandum in support of their Motion for Preliminary Injunction; (2) portions of the Declaration of Tanner Gould in support of Plaintiffs' Motion for Preliminary Injunction; (3) Exhibit 1 to the Declaration of Tanner Gould in support of Plaintiffs' Motion for Preliminary Injunction; (4) portions of the Declaration of Coral Gould in support of Plaintiffs' Motion for Preliminary Injunction; and (5) certain exhibits to the Declaration of Jeffrey I. Shinder in support of Plaintiffs' Motion for Preliminary Injunction. The redacted memorandum, redacted declarations, and the sealed exhibits have been contemporaneously filed on ECF under seal as "Attorneys' Eyes Only" and electronically related to this letter motion.

  The proposed sealed exhibits consist of: (1) a document from Tanner Gould's records that contains a confidentiality provision preventing disclosure of its contents and (2) documents the Major Junior Defendants[1] produced to Plaintiffs designated as "Highly Confidential Outside Attorneys' Eyes Only. The proposed redactions to Plaintiffs' memorandum and to the declarations seek to protect material that is quoted or paraphrased from those exhibits.

  "Although '[t]he common law right of public access to judicial documents is firmly rooted in our nation's history,' this right is not absolute, and courts 'must balance competing considerations against' the presumption of access." Order (June 26, 2024) (ECF 142) (quoting

---

[1] The "Major Junior Defendants" are the Canadian Hockey League ("CHL"), Dan MacKenzie, the Western Hockey League ("WHL") and all of the clubs that play in the WHL, the Ontario Hockey League ("OHL") and all of the clubs that play in the OHL, and the Quebec Major Junior Hockey League ("QMJHL") and all of the clubs that play in the QMJHL.

September 20, 2024
Page 2

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019)).

The parties have agreed to treat all discovery produced prior to entry of a protective order in this matter as Highly Confidential on a provisional basis. The parties are actively negotiating the terms of a proposed protective order to submit to the Court in short order. The Court previously approved provisionally sealing similar documents pending entry of the protective order. Order (Sept. 10, 2024) (ECF 185).

On September 19, 2024, counsel for the Plaintiffs and the Major Junior Defendants conferred regarding this sealing motion. The parties agreed to provisionally submit the documents under seal and/or redacted in accordance with their assigned confidentiality designations, pending entry of a protective order governing the use of confidential information in this litigation. The parties similarly agreed that, given the confidentiality provision found in Exhibit 1 to the Gould declaration, that exhibit should be provisionally submitted under seal and related content redacted, pending entry of the protective order.

Accordingly, Plaintiffs respectfully request that the Court grant this letter motion to file under seal and redacted on the public docket: (1) the designated portions of the Plaintiffs' memorandum in support of their motion for preliminary injunction; (2) the designated portions of the Declaration of Tanner Gould; (3) Exhibit 1 to the Declaration of Tanner Gould; (4) the designated portions of the Declaration of Coral Gould; and (5) Exhibits 3 to 7 of the Shinder Declaration.

Respectfully submitted,

/s/ Judith A. Zahid
Judith A. Zahid

cc: All counsel of record (via ECF)

---

The request to file the specified documents in redacted form and under seal is provisionally GRANTED. **Within seven days of the entry of a protective order**, if any party seeks to continue the redactions or sealing of some or all of the specified documents, the party seeking to do so must provide the Court, by letter-motion, with the basis for continuing the redactions or sealing as to each of the requested documents.

Additionally, by **October 15, 2024,** the parties are directed to file a proposed protective order or a joint status letter regarding the status of the proposed protective order. The Clerk of Court is directed to terminate Dkt. No. 189.

SO ORDERED. Date 9/25/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE