**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<div style="border:1px solid red">
The proposed protective order is SO ORDERED.
The Clerk of Court is directed to terminate Dkt.
No. 214.

SO ORDERED.  Date 10/11/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE
</div>

| | |
|---|---|
| World Association of Icehockey Players Unions North America Division et al., | |
| Plaintiffs, | Case No. 1:24-cv-01066 |
| v. | |
| National Hockey League et al., | |
| Defendants. | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the parties in the above captioned matter stipulate and agree to the proposed Protective Order attached hereto as Attachment 1, and respectfully request that the Court enter the proposed Protective Order as an order of the Court.  In support of this Motion, the Parties submit that good cause for entry of the order exists, as follows:

1. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

2. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable principles.

WHEREFORE, the Parties respectfully request that the Court enter the proposed Protective Order attached hereto as Attachment 1 as an order of the Court.

Dated: October 10, 2024

/s/ *Derek Ludwin*[1]

Derek Ludwin
Lauren Willard Zehmer (*pro hac vice*)
COVINGTON & BURLING LLP
850 10 Street NW Washington, DC
Phone: 202 662 5429
dludwin@cov.com
lzehmer@cov.com

*Counsel for CHL Defendants*

/s/ *Andrew G. Gordon*[1]

Andrew G. Gordon
Tenisha Williams
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
agordon@paulweiss.com
twilliams@paulweiss.com

William A. Isaacson (*pro hac vice*)
Martha L. Goodman
2001 K Street, NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
wisaacson@paulweiss.com
mgoodman@paulweiss.com

*Counsel for Defendant National
Hockey League*

/s/ *Jeffrey I. Shinder*[1]

Jeffrey I. Shinder
Ethan E. Litwin
David A. Scupp
SHINDER CANTOR LERNER LLP
14 Penn Plaza, 19th Floor
New York, NY 100122
Tel: (646) 960-8600
Fax: (646) 960-8625
jeffrey@scl-llp.com
ethan@scl-llp.com
david@scl-llp.com

J. Wyatt Fore (*pro hac vice*)
SHINDER CANTOR LERNER LLP
600 14th St. NW, 5th Floor
Washington, DC 20005
Tel: (646) 960-8612
Fax: (646) 960-8625
wyatt@scl-llp.com

Judith A. Zahid (*pro hac vice*)
Sarah Van Culin (*pro hac vice*)
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Tel: (415) 693-0700
jzahid@zellelaw.com
svanculin@zellelaw.com

James R. Martin (*pro hac vice*)
ZELLE LLP
1774 Pennsylvania Avenue, NW, Suite 375
Washington, DC 20006
Tel: (202) 899-4101
jmartin@zellelaw.com

Michael Rubin (*pro hac vice*)
Stacey Leyton (*pro hac vice*)

---

[1] Pursuant to Rule 8.5 of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, filing counsel represents that the consent of all signatories has been obtained for this document.

Bronwen Beseda O'Herin (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
mrubin@altber.com
sleyton@altber.com
boherin@altber.com

Steve D. Shadowen (*pro hac vice*)
Richard Brunell (*pro hac vice*)
Matthew C. Weiner (*pro hac vice*)
Nicholas Shadowen (*pro hac vice*)
HILLIARD SHADOWEN LLP
1135 6th Street, Suite 125
Austin, TX 78703
Tel: (717) 903-1177
steve@hilliardshadowenlaw.com
rbrunell@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com
nshadowen@hilliardshadowenlaw.com

Paul E. Slater (*pro hac vice*)
Joseph M. Vanek (*pro hac vice*)
Matthew T. Slater (*pro hac vice*)
Trevor K. Scheetz (*pro hac vice*)
SPERLING & SLATER, LLC
55 West Monroe, 32nd Floor
Chicago, Illinois 60603
p: (312) 641-3200
pes@sperling-law.com
jvanek@sperling-law.com
mslater@sperling-law.com
tscheetz@sperling-law.com

Philip F. Cramer (*pro hac vice*)
SPERLING & SLATER, LLC
1221 Broadway, Suite 2140
Nashville, Tennessee 37203
p: (312) 224-1512
pcramer@sperling-law.com

James Almon (*pro hac vice*)
SPERLING & SLATER, LLC
2707 Killarney Way, Suite 202
Tallahassee, Florida 32309

p: (850) 354-5300
jalmon@sperling-law.com

Gregory S. Asciolla
Alexander E. Barnett
Geralyn J. Trujillo
Noah L. Cozad (*pro hac vice*)
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel: (646) 933-1000
gasciolla@dicellolevitt.com
abarnett@dicellolevitt.com
gtrujillo@dicellolevitt.com
ncozad@dicellolevitt.com

*Counsel for Plaintiffs and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

This 10th day of October, 2024.

/s/ *J. Wyatt Fore*
J. Wyatt Fore

# ATTACHMENT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

World Association of Icehockey Players
Unions North America Division et al.,

                              Plaintiffs,

                    v.

National Hockey League et al.,

                              Defendants.

Case No. 1:24-cv-01066

**STIPULATED [PROPOSED]**
**PROTECTIVE ORDER**

## STIPULATED [PROPOSED] PROTECTIVE ORDER

The parties to the above-captioned matter (the "Action"), through their undersigned counsel of record, stipulate and agree under Rule 26(c) of the Federal Rules of Civil Procedure, and the Court hereby ORDERS upon a finding of good cause, that this Stipulated Protective Order (hereinafter "Stipulated Protective Order") shall govern the disclosure and use of confidential and privileged information in this Action.

In general, this Stipulated Protective Order provides for the following categories of information: non-confidential material; Confidential material; Highly Confidential Attorney's Eyes Only material; and Highly Confidential Outside Attorney's Eyes Only material. Each of these categories shall be treated differently in accordance with the provisions of this Stipulated Protective Order. In the event of disagreement between the parties regarding the designation of particular information, the parties shall meet and confer prior to seeking judicial relief.

## DEFINITIONS GENERALLY

1.      <u>Parties</u>. The term "Party" means a plaintiff or defendant in this Action.

2.      <u>Non-Parties</u>. The term "Non-Party" means any individual, corporation, association, or other natural person or entity that is not a party to the Action.

1

3.    <u>Discovery Material</u>. The term "Discovery Material" means all documents, items, or information (regardless of the medium or manner generated, stored, or maintained) including testimony transcripts, and tangible things that are produced or generated in disclosures or responses to discovery in this Action. This includes any material produced, filed, or served by any Party or Non-Party in this Action, or any information included in such material. Discovery Material may include, but is not limited to materials produced in the course of discovery, including deposition testimony, transcripts, exhibits, answers to interrogatories, responses to requests for admission, documents, and tangible things, and information derived directly therefrom.

4.    <u>Document</u>. The term "document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001.

5.    <u>Privilege</u>. The term "Privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity against disclosure recognized by law.

6.    <u>Confidential Material</u>. The term "Confidential Material" means confidential or proprietary business, commercial, research, personnel, product, or financial information (regardless of how it is generated, stored, or maintained) including but not limited to:

a.    previously non-public financial information (including without limitation profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b.    previously non-public material relating to ownership or control of any non-public company;

2

c.      previously non-public and proprietary information that reveals, contains, or reflects Confidential Information;

d.      previously non-public and proprietary research, technical, or commercial information;

e.      any information of a personal or intimate nature regarding any individual, including medical information, personal identifying information, personnel information, tax returns or filings;

f.      any other category of information hereinafter given confidential status by the Court; or

g.      any other material that qualifies for protection under Federal Rule of Civil Procedure 26(c).

7.      <u>Highly Confidential Attorney's Eyes Only Material</u>. The term "Highly Confidential Attorney's Eyes Only" means Discovery Material that the Producing Party reasonably and in good faith believes constitutes or reveals:

a.      trade secrets or other Confidential Information the unauthorized disclosure of which would result in competitive, commercial or financial harm to the Producing Party or their personnel; and

b.      material that the Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for materials designated "Confidential."

8.      <u>Highly Confidential Outside Attorney's Eyes Only Material</u>. The term "Highly Confidential Outside Attorney's Eyes Only" means Discovery Material produced by a Producing Party that the Producing Party reasonably and in good faith believes constitutes or reveals:

        a.     trade secrets or other Confidential Information the unauthorized disclosure of which would result in competitive, commercial or financial harm to the Producing Party or their personnel;

        b.     materials containing any unredacted player personal identifying information ("Player PII"), including a player's name, date of birth, mailing address, medical records, social security number, or passport information if (i) a Party in good faith believes that disclosure could result in retaliation against the individual whose information is disclosed; and (ii) neither Party introduces the document containing Player PII as evidence in support of their claims or defenses or to rebut another Party's claims or defenses at trial or in an evidentiary hearing. If any Party introduces a document containing PII as evidence at trial or in an evidentiary hearing in support of their claim or defense or to rebut another Party's claims or defenses, the Parties shall meet and confer in good faith to establish protections that consider both the needs of the litigation and concerns of the individual player.

        c.     materials containing any information regarding player salaries or salary negotiations;

        d.     materials containing player medical or health records; and

        e.     material that the Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for materials designated "Confidential" or "Highly Confidential Attorney's Eyes Only."

9.     <u>Designating Party</u>. A Party or Non-Party that designates Discovery Material as "Confidential," "Highly Confidential Attorney's Eyes Only," or "Highly Confidential Outside Attorney's Eyes Only."

10.    <u>Producing Party</u>. A Party or Non-Party that produces Discovery Material in this Action.

11.    <u>Receiving Party</u>. A Party that receives Discovery Material from a Producing Party.

12.    <u>Protected Material</u>. Confidential Material, Highly Confidential Attorney's Eyes Only Material, and Highly Confidential Outside Attorney's Eyes Only Material are collectively referred to as "Protected Material."

13.    <u>Internal Litigation Counsel</u>. (1) In-house counsel and (2) any legal support personnel of a Party to this Action provided that both categories of personnel are limited to (1) whom disclosure is reasonably necessary for this litigation, (2) who plays no substantial decision making role in player negotiation, contracting, or recruiting, and (3) who have executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A.  Internal Litigation Counsel does not include Outside Counsel or any other outside law firms or legal advisors retained in connection with the Action.

## <u>GENERAL PROVISIONS</u>

14.    <u>Scope</u>. This Stipulated Protective Order governs all Discovery Material produced by any Party or Non-Party in this Action.

15.    <u>Limited Purpose.</u> Unless otherwise agreed-to by the Parties or further ordered by the Court, Protected Material may be used only in this Action, and may not be used in any other action, proceeding, arbitration, or for any other purpose.

16.    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not

cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

17.     Designation of Protected Material. A Party or Non-Party designating Discovery Material as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only, shall mark each page of the document containing such material as "Confidential," "Highly Confidential Attorney's Eyes Only," or "Highly Confidential Outside Attorney's Eyes Only." If all or a portion of written discovery responses are entitled to protection under this Stipulated Protective Order, then the entire response may be designated as "Confidential," "Highly Confidential Attorney's Eyes Only," or "Highly Confidential Outside Attorney's Eyes Only," provided, however, following service of such responses and upon request of the Receiving Party, the Parties (and Non-Parties, to the extent applicable) will meet and confer regarding whether certain portions of those responses are not Protected Material and memorialize any agreement in writing.

18.     Any person subject to this Stipulated Protective Order who receives from any other person any Protected Material shall not disclose such Protected Material to anyone else except as expressly permitted hereunder.

18.     Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this Action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection or request, including the Bates (document control) number of the Discovery Material challenged for that document. The Parties (and Non-Parties, to the extent applicable) shall meet and confer to discuss the objection within seven (7) days. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether such Discovery Material has been properly designated in accordance with this Stipulated Protective Order. The Designating Party shall bear the burden of persuading the Court that the designated material is properly designated. Pending a decision from the Court, the challenged documents shall be treated as having been properly designated by the Producing Party.

## DISCLOSURE OF PROTECTED MATERIAL

19.     **Confidential Material**. No person subject to this Stipulated Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person, except to:

a.     the Parties to this Action or the officers, directors, or managing agents of a party;

b.     the Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, acting on behalf of a corporate Party to the Action;

c.     the Parties' outside counsel, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

d.     persons whom the Confidential Material itself indicates, or the Receiving Party otherwise has a good faith basis to believe, were the author, creator, producer, addressee, source, or recipient of the Discovery Material; and any person whose statements, communications

7

or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

> e.     any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial, or other proceeding in the Action and to whom disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

> f.     any person retained by or on behalf of a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

> g.     stenographic reporters, videographers and their respective staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

> h.     the Court and its support personnel;

> i.     any current employee of the Designating Party; and

> j.     any mediator or other presiding officer during any alternative dispute resolution proceeding in which the Parties have agreed to participate.

20.    **Highly Confidential Attorney's Eyes Only or Outside Attorney's Eyes Only.** Notwithstanding the foregoing paragraph, no person subject to this Stipulated Protective Order, other than the Producing Party, shall disclose any Discovery Material designated as "Highly Confidential Attorney's Eyes Only" or "Highly Confidential Outside Attorney's Eyes Only" to any other person, except to:

a.    Internal Litigation Counsel for each Party, unless a Producing Party designates the Discovery Material as "Highly Confidential Outside Attorney's Eyes Only," in which case the Material shall not be disclosed to Internal Litigation Counsel;

b.    the Parties' outside counsel retained in connection with this matter, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

c.    persons whom the Highly Confidential Attorney's Eyes Only Material or Highly Confidential Outside Attorney's Eyes Only itself indicates were the author, creator, producer, addressee, source, or recipient of the document; and any person whose statements, communications or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face;

d.    a witness testifying at a deposition, hearing, or trial, provided that one of the following conditions are met:

i.    the witness is an officer or designee testifying on behalf of a Designating Party pursuant to Fed. R. Civ. P. 30(b)(6) and the examining Party has a good-faith basis to believe that person has knowledge of information in the document or the document's subject matter;

ii.    the witness is a current employee of the Designating Party or entity, unless the Discovery Material contains unredacted Player PII;

iii.    the witness is a former employee of the Designating Party or entity and the examining Party has a good-faith basis to believe the witness has or had lawful access to the specific material to be disclosed (but only to the extent the document was created during the time of such former employee's employment by the Designating Party and if the Designating Party

has a reasonable basis to believe that the former employee knew or had access to the information in the document during the term of his employment with the Designating Party), unless the Discovery Material contains unredacted Player PII; or

       iv.    the person is otherwise permitted access under this Paragraph.

       v.    Absent any of these circumstances or order of the Court, the Party wishing to use Highly Confidential Attorney's Eyes Only Material or Highly Confidential Outside Attorney's Eyes Only Material in an examination of a witness must obtain prior consent from the Producing Party.

       e.    any person retained by a Party in good faith to serve as an expert witness or consultant or otherwise provide specialized advice to outside counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

       f.    stenographic reporters, videographers and their respective staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

       g.    any other person whom the Producing Party agrees in writing may have access to such Discovery Material;

       h.    the Court and its support personnel; and

       i.    any mediator or other presiding officer during alternative dispute resolution proceedings for which the Parties have agreed to participate.

## **USE OF PROTECTED MATERIAL BY A PARTY IN THIS ACTION**

21.    <u>Depositions</u>. From the date of a deposition until thirty (30) days after receipt of a final deposition transcript, such transcript shall be deemed Highly Confidential Outside Attorney's

Eyes Only in accordance with this Stipulated Protective Order unless the Parties otherwise agree. Absent a timely designation of some or all of the final transcript as Confidential Material, Highly Confidential Attorney's Eyes Only Material, or Highly Confidential Outside Attorney's Eyes Only Material, this presumptive designation shall lapse. The designation shall be made either on the record during the deposition or in writing and served upon all counsel of record and the relevant court reporter. Any designation of a transcript (or portion thereof) shall be treated as a designation of the deposition's video, or portion thereof, and vice-versa.

22.   <u>Filings</u>. All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.

23.   <u>Use of Non-Party Highly Confidential Material</u>. Any Party that seeks to use at a public hearing Protected Material that a Non-Party has designated Highly Confidential Attorney's Eyes Only or Highly Confidential Outside Attorney's Eyes Only shall meet and confer with the Non-Party prior to the hearing. The relevant Party and Non-Party shall meet and confer to consider whether protection such as redactions, limiting public- facing screens, or not quoting the Highly Confidential material into the public record can resolve any confidentiality concerns. To the extent that the Party and Non-Party cannot reach agreement, they shall submit joint letter briefs to the Court, detailing the Highly Confidential Attorney's Eyes Only or Highly Confidential Outside Attorney's Eyes Only material sought to be shown publicly, the necessity of such protections, and

11

the Party and Non-Party's meet-and-confer efforts. Unless and until the Court rules that the Party may use material that the Non-Party has designated Highly Confidential Attorney's Eyes Only or Highly Confidential Outside Attorney's Eyes Only at a public hearing, such disclosure will not be allowed.

24.     <u>Trial</u>. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Protected Material introduced in evidence at trial or the preliminary injunction hearing, even if such material has previously been sealed or designated as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only. The Court also retains unfettered discretion whether to afford confidential treatment to any Protected Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

<div align="center"><u>**REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES**</u></div>

25.     Each person who has access to Protected Material that has been designated as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

26.     If a Party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed Information designated Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential - Outside Counsel Eyes Only Information in any circumstance not authorized under this Order, that Party must within two (5) days of learning of such disclosure (a) notify the designating Party, and the Producing Party if different from the designating Party, of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent further disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected Information

<div align="center">12</div>

disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person has completed the certification contained in Attachment A to this Order.

## PRODUCTION OF PROTECTED MATERIAL WITHOUT DESIGNATION

27.     The production of Protected Material without a designation as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only Material shall not be deemed a waiver or impairment of any subsequent claim of protection of the confidential nature of any such material.

28.     Upon a Party or Non-Party's discovery that its information was not correctly designated, that Party or Non-Party shall provide notice to the other Parties that the information was inappropriately designated. The Producing Party or Non-Party shall then have twenty (20) days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark. The document shall be produced with an overlay load file referencing the original Bates number and including a metadata field indicating the confidential status of the document. If the reproduced document is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number. If an inadvertently-omitted Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only designation is first claimed by the Producing Party during the course of a deposition, hearing or proceeding in which such Protected Material is disclosed as though no designation had been made, it must be treated immediately going forward as though that Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only designation had been previously made. The Producing Party of such Protected Material shall then have twenty (20) days in which to re-designate the information and produce a replacement copy of the re-designated document with appropriate confidentiality mark.

29.     Additionally, upon notice that any Protected Material has not been appropriately designated and upon receipt of the re-produced document with the appropriate confidentiality stamp, the Party receiving such notice shall return or destroy all incorrectly marked Protected Materials. Upon notice, the Receiving Party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its re-designation shall immediately be treated in conformity with any such re-designation. The Receiving Party shall thereafter treat the documents consistent with the designated level of confidentiality. No Party is deemed to violate this Stipulated Protective Order if, prior to notification of any designation, Protected Material has been disclosed or used in a manner inconsistent with the later designation. If such Protected Material became a part of the public record prior to notice of a request to change its designation, it is the responsibility of the Party or Non-Party who changed the designation to move the Court for appropriate relief.

## PRODUCTION OF PRIVILEGED OR OTHER MATERIAL IMMUNE FROM DISCOVERY

30.     **No Waiver By Disclosure**. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if the Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture – in this or any other action – of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter.  This Order shall be interpreted to provide the maximum protection allowed under applicable law.  The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Order

31.     **Handling and Return of Privileged Material.**   The process for handling and return of disclosed Privileged Material shall be as follows:

a.      If the Producing Party has disclosed or made available to a Receiving Party information it claims to be Privileged Material, the Producing Party may notify the Receiving Party of its claim and the basis for it ("Privileged Material Notice").

b.      Upon such notification, the Receiving Party must:

i.      take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Privileged Material, any reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material;

ii.     not use or disclose the information until the privilege claim is resolved; and

iii.    take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice.

c.      For purposes of this Order, Privileged Material that is not reasonably accessible because of undue burden or cost is sequestered.

d.      Upon the request of the Producing Party, the Receiving Party shall provide a certification to the Receiving Party that it has undertaken the foregoing efforts.

32.     **Contesting Claim of Privilege or Work Product Protection.**   The process for contesting a claim that information is Privileged Material shall be as follows:

a.      If the Receiving Party contests the claim of information as being Privileged Material, the Receiving Party must, within seven (7) days of receipt of the Privileged Material Notice, notify the Producing Party in writing of the Receiving Party's objection.

b. Any objection to a Privileged Material Notice shall be made exclusively on the basis of information provided to the objecting party in the Privileged Material Notice, and shall not refer, quote, cite, or otherwise use any Privileged Material (except if the document on its face indicates that the purported Privileged Material was disclosed to third parties, only the fact of such disclosure may be permitted).

c. Following the receipt of such an objection, the objecting party and the Producing Party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected.

d. If the parties cannot resolve their disagreement, then the Receiving Party may promptly present the issue to the Court for a determination of the Producing Party's claim of privilege or protection by submitting any document(s) in dispute under seal in compliance with Fed. R. Civ. P. 26(b)(5)(B). Any party making a motion to the Court for an order compelling disclosure of the information claimed as unprotected must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

## CONCLUSION OF LITIGATION

33. This Stipulated Protective Order shall survive the termination of this Action. Within forty-five (45) calendar days of the final disposition of this Action, all Discovery Material designated as "Confidential," "Highly Confidential Attorney's Eyes Only," or "Highly Confidential Outside Attorney's Eyes Only," and all reasonably accessible copies thereof, shall be promptly returned to the producing person or destroyed. This obligation does not extend to data stored on enterprise data back-up systems which store and delete data for emergency back-up purposes only, so long as such data is subject to a periodic and automatic destruction policy.

34.     Notwithstanding the above requirements to return or destroy documents, Counsel of Record may retain (1) attorney work product, and (2) a complete set of all documents filed with the Court, including those filed under seal.

35.     This Court shall retain jurisdiction over all persons subject to this Stipulated Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

_____          _____
Dated:                                   Dated:

**SO ORDERED.**

**Date:** 10/11/2024
         **New York, New York**          _____
                                         **MARGARET M. GARNETT**
                                         **United States District Judge**

18

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

World Association of Icehockey Players
Unions North America Division et al.,

Plaintiff(s),

v.

National Hockey League et al.,

Defendant(s).

Case No. 1:24-cv-01066

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential Attorney's Eyes Only, or Highly Confidential Outside Attorney's Eyes Only. I agree that I will not disclose such Protected Material to anyone other than for purposes of this Action, and that at the conclusion of the Action, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt of Court.

Dated: _____       _____